Filed 7/24/15  P. v. Baker CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLAREN LEE BAKER,<br><br>    Defendant and Appellant. | D067102<br><br><br>(Super. Ct. No. ECR10790) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from the trial court's denial of a petition to recall a sentence under the Three Strikes Reform Act of 2012 (Act).  The petition was denied based on the

trial court's finding that at the time of his two 1994 offenses for possession of firearms, the defendant was personally armed with firearms within the meaning of the Act and was thus not eligible for relief. The question presented here is whether the record of conviction supports the trial court's decision. As we will discuss, there is sufficient evidence in the record to show that each of the firearms was taken from the person of the defendant. In addition, Baker's petition conceded the facts showed the firearms in each count had been taken from his person during patdown searches by law enforcement.

Because this petition was considered 19 years after the trial, the court reporter's notes had been destroyed. However, this court located its records of the appeal in D024193, which was the appeal from the 1995 conviction. In that file we found a copy of the transcript of the trial. We notified the parties we intended to take judicial notice of our records in that case. We did not receive any objection.

We find the record of conviction does show Baker was armed at the time of each count. For that and other reasons we will set forth, we will affirm the trial court's order denying Baker's petition.

PROCEDURAL BACKGROUND

In 1995 Claren Lee Baker was convicted of two counts of possession of a firearm Penal Code[1] section 12021.1, subdivision (a)). The court found true three prison priors (§ 667.5, subd. (b)) and two strike priors (§ 667, subds. (b)-(i)). The court sentenced Baker to an indeterminate term of 50 years to life in prison.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

In October 1996 this court filed an opinion affirming the convictions and remanding the case for resentencing in light of *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. (*People v. Baker* (Oct. 11, 1996, D024193) [nonpub. opn.].)[2]

In December 2013, the trial court denied Baker's petition to recall his sentence under the Act. The court found Baker was armed at the time of each offense, in that the firearms were each removed from his person during separate pat-down searches.

Due to the passage of time between the 1995 trial and the 2013 review of the petition the reporter's notes of the trial testimony have been destroyed. We will discuss the record in the section which follows.

## DISCUSSION

Baker contends the trial court did not have sufficient evidence in the record of conviction to show that Baker was armed during his 1994 offenses. He contends that to the extent the court relied on the probation report for the fact he was personally armed, the court did so in error.

The People have responded that Baker has waived any objection to the use of the probation report by not objecting at the trial court level. The People also contend our prior opinion affirming the conviction is part of the record of conviction and it demonstrates Baker was personally armed in each offense. Candidly, it is unclear what material the trial court considered. The court said:

---

[2]     On the court's own motion we take judicial notice of this court's records in *People v. Baker* (Oct. 11, 1996, D024193) [nonpub. opn.].

"On both of these occasions this individual was contacted by law enforcement, and during pat-down found to be in possession of a semi-automatic handgun. The record of conviction supports the conclusion he was armed during the offense. That renders him ineligible for the relief requested."

There were no discussions at the hearing or in the written material objecting to anything the court may have considered nor was there any discussion of what the trial court considered. Thus we will discuss what we have discovered.

## A. The Record

At the outset we note the points and authorities submitted by Baker in support of his petition includes the following in the "STATEMENT OF THE CASE" section:

"In case ECR10790, Mr. Baker was convicted of two violations of Penal Code section 12021.1(a). Here, on two separate occasions police contacted Mr. Baker and conducted a pat-down search. *A firearm was recovered on his person in both instances*." (Italics added.)

In our opinion in 1996, we discussed the facts of count 2 only. In that appeal Baker did not challenge the sufficiency of the evidence to support either count. Thus, our opinion provides no insight as to count 1. Our opinion does state:

"At about 9 a.m. on March 15, 1994, an El Cajon police officer was on patrol in an area of the city in which the officer believed a high rate of stolen vehicles had been found. The officer observed several men looking at a red Camaro. The officer did a license plate check and learned that the plate on the Camaro belonged to a Toyota. Such circumstance was common for stolen vehicles. The officer parked nearby and waited to see if anyone approached the car.

"About 15 minutes later, Baker and another man approached the car. The men looked at the car and one man looked inside it. They then turned to walk to an apartment complex. The officer stopped the men, believing they might be involved with a stolen vehicle.

4

"The officer asked Baker if he had any weapons. Baker did not answer, but began to reach for his rear pocket. The officer put Baker's hand back on the hood of a vehicle where he was standing and conducted a patdown search for weapons. Baker said, 'It's just a .25.' He was handcuffed and the officer retrieved a .25-caliber handgun from Baker's rear pocket."

The probation report discusses both counts and indicates the offenses arose from pat-downs of Baker in which firearms were discovered on his person,

## B. Legal Principles

The Act was codified in section 1170.126. The Act permits resentencing of inmates whose third strike conviction was not a serious or violent felony as defined in the Act as of the date of passage. (*People v. Johnson* (July 2, 2015, S219454) ___ Cal.4th ____ [2015 Cal. Lexis 4521].) It is not disputed that possession of a firearm within the meaning of section 12021.1, subdivision (a) is not a serious or violent felony. However, it is also not disputed by the parties that a person who was armed at the time of the offense is not eligible for resentencing under the Act. (§ 1170.126, subd. (e)(2).)

Although a person may possess a firearm and not be "armed" at the time, where the record of conviction shows the firearm was in the defendant's personal, physical possession, the defendant was armed under the Act and is not eligible for resentencing. (*People v. White* (2014) 223 Cal.App.4th 512, 519.)

Case law also establishes that an opinion of an appellate court affirming a conviction is part of the record of conviction. Thus the facts contained in such opinion may be used by a trial court to determine the defendant's eligibility under the Act. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 800-801.)

5

C.  Analysis

In this case we took the unusual step of locating the appellate file from the 1995 conviction and appeal.  We did so in large part because of the importance of making a correct determination of the nature of the record of conviction.  We were also motivated by the record we received from the trial court.  As we have pointed out, Baker not only failed to deny he had personal, physical possession of the firearms, he affirmatively told the court the weapons were seized from his person in separate pat-down searches.  The defense made no objection to the materials considered by the trial court and never contended that the guns were not seized from Baker's person.  We also considered the passage of time since the trial, which resulted in the loss of the reporter's notes.

We obtained our record of the appeal from the 1995 conviction and discovered the reporter's transcript from 1995.  We made the record available for the parties to inspect, and counsel for appellant did inspect the record.

Although appellate counsel did not object to our proposal to take judicial notice, she still contends we should remand the case to the trial court so counsel could review the record of the appeal.  We reject that suggestion.  Counsel has reviewed the transcript which indisputably shows both weapons were removed from Baker's person during police searches.  The trial court based its ruling on the facts surrounding the seizures of the firearms.  Our appellate record of the 1995 conviction plainly demonstrates Baker was personally armed during the commitment offenses.  (*People v. White, supra*, 223 Cal.App.4th at p. 519.)  No purpose would be served by remanding the case to the trial court to reconsider a record that proves the trial court was factually correct when it ruled.

6

Accordingly, we decline to remand the case and affirm the trial court's denial of Baker's petition to recall his sentence.

## DISPOSITION

The denial of Baker's petition to recall his sentence is affirmed. The request to remand the case to the trial court is denied.

_____

HUFFMAN, J.

WE CONCUR:

_____

BENKE, Acting P. J.

_____

McDONALD, J.